99 F.3d 1128
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Kevin M. CASTRO, Plaintiff, Appellant,
v.
UNITED STATES DEPT. OF HOUSING & URBAN DEVELOPMENT, et al.,
Defendants, Appellees.
 No. 96-1537.
 United States Court of Appeals, First Circuit.
 Nov. 7, 1996.
 
 Kevin M. Castro on brief pro se.
 Jean A. Boulanger and Capaldi & Boulanger on brief for appellee Coventry Housing Authority.
 Marc DeSisto, Kathleen M. Powers and DeSisto Law Offices on brief for appellee Barry Yeaw, in his capacity as Treasurer of the Town of Coventry.
 Before TORRUELLA, Chief Judge, BOUDIN and LYNCH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Having reviewed the parties' briefs, we summarily affirm the judgment below on the ground that appellant has made no developed argument for reversal. We add that the individual police officers who arrested appellant were never made parties to the instant lawsuit, and that the Town of Coventry may not be held liable under 42 U.S.C. § 1983 on a theory of respondeat superior. See Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 691 (1978). In addition, based on his filings below, it appears as if the only damages appellant sought were punitive damages. Such damages are not available under 42 U.S.C. § 1983 against either the Town or the Coventry Housing Authority. See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981); Adler v. Lincoln Housing Authority, 623 A.2d 20, 21 n. 1 (R.I.1993).
 
 
 2
 Affirmed. See Loc. R. 27.1.